IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA LEGISLATIVE BLACK CAUCUS; BOBBY SINGLETON; ALABAMA ASSOCIATION OF BLACK COUNTY OFFICIALS; FRED ARMSTEAD, GEORGE BOWMAN, RHONDEL RHONE, ALBERT F. TURNER, JR., and JILES WILLIAMS, JR., individually and on behalf of others similarly situated, | * * * * * * * * | |
| Plaintiffs, | * * | Civil Action No. 2:12-CV-691-WKW-WC |
| v. | * * | (3-judge court) |
| THE STATE OF ALABAMA; BETH CHAPMAN, in her official capacity as Alabama Secretary of State, | * * * * | |
| Defendants. | * | |

**DECLARATION OF WILLIAM S. COOPER**

I, William S. Cooper, under penalty of perjury pursuant to 28 U.S.C. §1746, and pursuant to Rules 702 and 703, Fed. R. Evid., do hereby declare and say:

1. My name is Williams S. Cooper. I have a B.A. degree in Economics from Davidson College. As a private consultant, I currently serve as a demographic and redistricting expert for the Plaintiffs in this action.

2. I have testified at trial as an expert witness on redistricting and demographics in federal courts in 34 voting rights cases. Three of these lawsuits resulted in changes to statewide legislative boundaries, and approximately 25 of the cases led to changes in local election district plans.

3. In April 2009, I provided technical redistricting advice to the City of Calera, Alabama, and met with Department of Justice officials in Washington, DC, on behalf of the City.

4. Since the release of the 2010 Census in February 2011, I have developed several statewide legislative plans (Alabama, Georgia, Florida, South Carolina, and Virginia) and about 85 local redistricting plans – primarily for groups working to protect minority voting rights. Three plans that I developed for local government clients during 2011, in Bolivar County, Mississippi, the City of Grenada, Mississippi, and Sussex County, Virginia, were precleared by the U.S. Department of Justice.

5. For my redistricting work, I use a geographic information system software package called Maptitude for Redistricting, developed by the Caliper Corporation. This software is used by many local and state governing bodies across the country for redistricting and other types of demographic analysis.

6. The geographic boundary files that I use with Maptitude are created from

the U.S. Census 2010 TIGER (Topologically Integrated Geographic Encoding and Referencing) files.  The population data are from the 2010 PL 94-171 data file.  This data set is published in electronic format and is the complete count population file designed by the Bureau of the Census for use in legislative redistricting.  The file contains basic race and ethnicity data on the population and voting age population found in units of census geography such as states, counties, municipalities, townships, reservations, school districts, voting tabulation districts, census tracts, census block groups, and census blocks.

7.  The Maptitude for Redistricting software processes the TIGER files to produce a map for display on a computer screen.  The software also merges demographic data from the PL94-171 file to match the 2010 Census geography.

8.  In March 2012, James Blacksher, an attorney for the Plaintiffs in this case, asked me to prepare draft plans for the Alabama State House and Senate.  His instructions were to minimize county and precinct splits and, if possible, to maintain the existing number of majority-black districts (27 House districts and 8 Senate districts under the 2002 benchmark plans).

9.  In April 2012, Mr. Blacksher sent me the residential addresses for members of the Alabama Legislature, which I understand were provided to him by the Alabama Legislative Reapportionment Office.

10.  In April 2012, I prepared the legislative plans that were introduced in the Legislature as House Bill 5 and Senate Bill 16.  In terms of the number of counties split, these two plans are similar to and made only minor changes in the draft plans I had developed in March and April of 2012 without information on incumbents' residences.

11.  The HB 5 and SB 16 plans are illustrative and do not purport to be the best possible plans that can be drawn to minimize county splits.

12.  In May 2012, Mr. Blacksher provided me with electronic census block equivalency text files of the legislative plans adopted by the Alabama State Legislature as Acts 2012-602 and 2012-603, which he informed me were obtained from the Alabama Legislative Reapportionment Office.  I imported the block data into Maptitude for Redistricting and recreated the plans for analysis.

13.  I prepared the maps and statistical tables that are attached as Exhibits A through J to the August 13, 2012, complaint filed by the plaintiffs' attorneys.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

_William S. Cooper_
William S. Cooper

Executed this __24th__ day of____August___, 2012.