IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA LEGISLATIVE BLACK CAUCUS, et al., ) ) ) Plaintiffs, ) ) v. ) ) THE STATE OF ALABAMA, et al., ) ) Defendants. ) ) ) DEMETRIUS NEWTON, et al., ) ) Plaintiffs, ) ) v. ) ) THE STATE OF ALABAMA, et al., ) ) Defendants. ) | CIVIL ACTION NO. 2:12-cv-691-WKW-MHT-WHP (3-judge court) CIVIL ACTION NO. 2:12-cv-1081-WKW-MHT-WHP |

## **MOTION TO INTERVENE**

Gerald Dial, Senate Chairman of the Permanent Legislative Committee on Reapportionment of the State of Alabama, in his official and/or individual capacity, and Jim McClendon, House Chairman of the Permanent Legislative Committee on Reapportionment of the State of Alabama, in his official and/or individual capacity, pursuant to Rule 24, *Fed.R.Civ.P.*, move this Court to intervene

224364.3

as defendants in each of the actions identified above, which are consolidated before this Court. As grounds, Sen. Dial and Rep. McClendon show the following:

### INTERVENORS

1. Rep. Jim McClendon is a citizen of the State of Alabama and a resident of and registered voter in St. Clair County, Alabama. Rep. McClendon represents the 50th House District (St. Clair and Shelby Counties) in the Alabama Legislature. Rep. McClendon is the House Chairman of the Permanent Legislative Committee on Reapportionment.

2. Gerald Dial is a citizen of the State of Alabama and a resident of and registered voter in Clay County, Alabama. Sen. Dial represents the 13th Senate District (Chambers, Cherokee, Clay, Cleburne, Lee, and Randolph Counties) in the Alabama Legislature. Sen. Dial is the Senate Chairman of the Permanent Legislative Committee on Reapportionment.

3. The Permanent Legislative Commitment on Reapportionment (the "Committee") was created by the Alabama Legislature to "prepare for and develop a reapportionment plan for the [State of Alabama]." *Ala. Code* §§ 29-2-50 to -53. The Committee engages in activities necessary for the "preparation and formulation of a reapportionment plan" and the "readjustment or alteration of Senate and House districts and of congressional districts of the [S]tate [of

Alabama]." Ala. Code § 29-2-52(c). In that role, the Committee developed and adopted the "Reapportionment Committee Guidelines" for congressional, legislative, and State Board of Education redistricting in May 2011. A copy of the "Reapportionment Committee Guidelines" are attached hereto as <u>Exhibit A</u>.

### THE LITIGATION

4. In these actions, the plaintiffs challenge the lawfulness and constitutionality of Act No. 2012-602, which redistricts the Alabama House of Representatives, and Act No. 2012-603, which redistricts the Alabama Senate, on the grounds that they violate Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 and the First, Fourteenth, and Fifteenth Amendments to the Constitution of the United States. Civil Action No. 2:12-cv-691, *doc. no. 60, pp. 2-3; see also* Civil Action No. 2:12-cv-1081, *doc. no.* 1, pp. 1-2. In addition, the plaintiffs challenge the "Reapportionment Committee Guidelines" adopted by the Committee on the same grounds. Civil Action No. 2:12-cv-691, *doc. no. 60, pp. 9-10.*

5. In their prayers for relief, the plaintiffs have demanded, *inter alia*, that the Court "[a]fford the Alabama Legislature a reasonable opportunity to adopt and to obtain preclearance under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c, of new redistricting plans for the House and Senate…" and "[s]hould the

Alabama Legislature fail in timely manner to enact lawful, constitutional, and enforceable redistricting plans for the Alabama House and Senate, instruct the parties to submit redistricting proposals that this Court would adopt….." Civil Action No. 2:12-cv-691, *doc. no. 60, p. 56; see also Civil Action No. 2:12-cv-1081, doc. no. 1, pp. 18-19.*

**LEGAL ANALYSIS AND ARGUMENT SUPPORTING INTERVENTION
OR PARTICIPATION BY SEN. DIAL AND REP. MCCLENDON IN THIS CONSOLIDATED ACTION**

6. **Intervention**. Sen. Dial and Rep. McClendon should be permitted to intervene in these actions in their official capacities and/or in their individual capacities under *Fed. R. Civ. P.* 24(b)(1)(B) and 24(b)(2) (permissive intervention), which provide, in pertinent part, as follows:

> (1) On a timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (2) On a timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order

7. Rep. Sen. Dial and Rep. McClendon have "a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1), *Fed.R.Civ.P.* McClendon and Sen. Dial, in their official and/or individual capacities, seek intervention to assert both factual and legal defenses in support of the

constitutionality and lawfulness of Act No. 2012-602 and Act No. 2012-603, just as Defendant State of Alabama has and intends to do in this consolidated action. A copy of Rep. McClendon's and Sen. Dial's answers to the plaintiffs' respective complaints in this action, which mirror the answers filed by the State of Alabama, are attached hereto as <u>Exhibit B</u> and <u>Exhibit C</u>.

8. Sen. Dial and Rep. McClendon are uniquely positioned to present such legal and factual defenses because they were directly involved in the drafting, discussions, and adoption of the aforementioned reapportionment plans approved by the Alabama Legislature, as well as the "Reapportionment Committee Guidelines." Moreover, given their respective positions on the Committee, Sen. Dial and Rep. McClendon would be directly involved if the Court were to order remedial redistricting as demanded by the plaintiffs in this action. Intervention by Sen. Dial and Rep. McClendon would assure them of being able to participate in all aspects of any Court-ordered, remedial redistricting. Finally, Sen. Dial and Rep. McClendon will be key witnesses in this action given their respective roles in the redistricting and reapportionment process and plans being challenged here.

9. Moreover, Sen. Dial and Rep. McClendon have a significant interest[1] in defending and upholding Act No. 2012-602 and Act No. 2012-603 and being involved in any Court-ordered, remedial redistricting for three important reasons.

10. First, interference by this Court with state legislative districting would "represent[] a serious intrusion on the most vital of local functions." *Miller v. Johnson*, 515 U.S. 900, 915, 115 S.Ct. 2475, 2488 (1995). The manner in which a state legislature is districted and apportioned "is primarily the duty and responsibility of the State," *Chapman v. Meier*, 420 U.S. 1, 27, 95 S.Ct. 751, 766 (1975), and within the state, it "'is primarily a matter for **legislative consideration and determination**.'" *Connor v. Finch*, 431 U.S. 407, 414, 97 S.Ct. 1828, 1833 (quoting *Reynolds v. Sims*, 377 U.S. 533, 586, 84 S.Ct. 1362, 1394 (1964)) (emphasis added).

11. Second, the Alabama Legislature, and its individual members, have "a judicially cognizable interest in matters affecting its composition" and have justiciable, institutional interest in ensuring that the legislative and congressional districts in Alabama are composed in a constitutionally lawful manner. *United*

---

[1] While interest in the subject matter of the action is an element of intervention as of right under Rule 24(a), *Fed.R.Civ.P.*, the interests of Sen. Dial and Rep. McClendon in these cases provides support for their permissive intervention as well.

*States House of Representatives v. United States Department of Commerce*, 11 F. Supp. 2d 76, 86-87 (D.C. 1998) (three-judge court), *appeal dismissed*, 119 S.Ct. 765, 779 (1998). In *House of Representatives*, the three-judge court acknowledged this very point: "[A] legislative body has a personalized and concrete interest in its composition...." *Id*. This is a uniquely legislative concern that diverges from the narrower interest of the other parties, who each generally wants to achieve for him-, her-, or itself the "greatest possible participation in the political process." *Cleveland County Association for Government by the People v. Cleveland County Board of Commissioners*, 142 F.3d 468, 474 (D.C. Cir. 1998) (quoting *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1478 (11th Cir. 1993)).

12. Third, and finally, Sen. Dial and Rep. McClendon have a significant interest in defending and upholding Act No. 2012-602 and Act No. 2012-603 in their individual capacities as voters and as the persons elected to hold their respective offices. *See Johnson v. Mortham*, 915 F. Supp. 1529, 1537-38 (N.D. Fla. 1995) (three-judge court) (permitting Congresswoman to intervene under Rule 24(a) based on her "personal interest" in her office).

13. Without intervention, Sen. Dial and Rep. McClendon will not be able to protect their interests as co-chairs of the Committee, state legislators, and/or voters in this action.

14. Sen. Dial and Rep. McClendon should also be permitted to intervene, pursuant to Rule 24(b)(2), *Fed.R.Civ.P.*, as state government officers, because the claims and defenses in this action are based on (1) the Alabama Constitution (*Alabama Const. Art. IX, Sec.* 198,[2] *Sec*. 199,[3] and *Sec*. 200[4]), which require Sen.

---

[2] Section 198 of the *Constitution* provides as follows:

> The house of representatives shall consist of not more than one hundred and five members, unless new counties shall be created, in which event each new county shall be entitled to one representative. The members of the house of representatives shall be apportioned by the legislature among the several counties of the state, according to the number of inhabitants in them, respectively, as ascertained by the decennial census of the United States, which apportionment, when made, shall not be subject to alteration until the next session of the legislature after the next decennial census of the United States shall have been taken.

[3] Section 199 of the *Constitution* provides as follows:

> It shall be the duty of the legislature at its first session after the taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, to fix by law the number of representatives and apportion them among the several counties of the state, according to the number of inhabitants in them, respectively; provided, that each county shall be entitled to at least one representative.

[4] Section 200 of the *Constitution* provides as follows:

> It shall be the duty of the legislature at its first session after taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, to fix by law the number of senators, and to divide the state into as many senatorial districts as there are senators, which districts shall be as nearly equal to each other in the number of inhabitants as may be, and each shall be entitled to one senator, and no more; and such

Dial and Rep. McClendon, as state legislators, to conduct reapportionment and redistricting; (2) *Ala. Code* § 29-2-50, *et seq.*, which require Sen. Dial and Rep. McClendon, as co-chairs of the Committee, to prepare for and develop a reapportionment plan for the State of Alabama; and (3) the "Reapportionment Committee Guidelines" adopted by the Committee, which provided guidance to the Alabama Legislature in developing the reapportionment and redistricting plans and are being directly challenged in this action by the plaintiffs.

15.  Based on the foregoing, Sen. Dial and Rep. McClendon should be permitted to intervene pursuant to Rule 24(b), *Fed.R.Civ.P. See, e.g., Graham v. Thornburgh*, 207 F. Supp. 2d 1280, 1285 (D. Kan. 2002) (in action challenging the plan for apportionment of the United States congressional districts within the State of Kansas, district court permitted state legislator and Chairman of the House Redistricting Committee, who appeared "on behalf of himself as a legislator and as Chairman of the House Redistricting Committee" to intervene pursuant to Rule 24(b), *Fed.R.Civ.P.*)*; Scott v. United States Department of Justice*,

---

districts, when formed, shall not be changed until the next apportioning session of the legislature, after the next decennial census of the United States shall have been taken; provided, that counties created after the next preceding apportioning session of the legislature may be attached to senatorial districts. No county shall be divided between two districts, and no district shall be made up of two or more counties not contiguous to each other.

920 F. Supp. 1248, 1250 (M.D. Fla. 1996) (granting intervention by both houses of Florida's Legislature in a legislative districting case), *affirmed sub nom, Lawyer v. Department of Justice*, 521 U.S. 567, 117 S.Ct. 2186 (1997).

16. Moreover, allowing Sen. Dial and Rep. McClendon to intervene in these actions would be consistent with the prior practice of this Court. In fact, a predecessor of the Committee was permitted to intervene in a voting rights case in *Sims v. Amos*, 336 F. Supp. 924, as supplemented, 340 F. Supp. 691 (M.D. Ala. 1972), *affirmed*, 409 U.S. 942, 93 S.Ct. 290 (1972).

17. **Participation as *Amicus Curiae***. In the alternative, if Sen. Dial and Rep. McClendon are not allowed to intervene as defendants, they should be allowed to participate as *amicus curiae*.

18. Sen. Dial and Rep. McClendon, through the Committee, are statutorily required to "make a continuous study of the reapportionment problem in Alabama" and "seek[ ] solutions thereto," *Ala. Code* § 29-2-52(a), and to "engage in activities it deems necessary for the preparation and formulation of a reapportionment plan." *Ala. Code* § 29-2-52(d). Consequently, Rep. McClendon's and Sen. Dial's participation as *amicus curiae* would be helpful to the Court and the parties, and would be in the best interest of the citizens of Alabama and their

Case 2:12-cv-00691-WKW-MHT-WHP   Document 82   Filed 03/13/13   Page 11 of 14

respective districts, whom they represent and whom the Court's action could affect.

19. **This Motion is Timely**. Rule 24, *Fed.R.Civ.P.*, requires that a motion to intervene be "timely." Even though this litigation was commenced on August 10, 2012, no discovery has taken place and, upon information and belief, there is not yet a schedule for the case, including a deadline for adding new parties. Given that this action is still in its early stages, this motion should be considered timely.

20. **No delay or prejudice**. Intervention or participation by Sen. Dial and Rep. McClendon will not unduly delay or prejudice the adjudication of the original parties' rights. *See Rule 24(b)(3), Fed.R.Civ.P*.

21. **Notice and Pleading**. Pursuant to Rule 24(c), *Fed.R.Civ.P.*, Sen. Dial and Rep. McClendon have served this motion on all parties as shown in the Certificate of Service below. Sen. Dial and Rep. McClendon have also attached to this motion their answers to the complaints in this consolidated action. *See* Exhibit B and Exhibit C. While the answers of Sen. Dial and Rep. McClendon mirror those filed by the State, that fact does not warrant a finding that Sen. Dial and Rep. McClendon have failed to satisfy Rule 24(c) because their defenses in this action are, in fact, the same, there is no prejudice to any party, and courts in this Circuit will "disregard nonprejudicial technical defects" in complying with Rule

224364.3                                11

24(c). *Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir.1985); *see also*, *Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 2003 WL 22790916, at *4 (S.D.N.Y. Nov. 25, 2003) (allowing intervenor to adopt "claims already asserted" by plaintiff where no prejudice would be caused to either party).

22. **No Objection by the Defendants**. Counsel for Sen. Dial and Rep. McClendon is authorized to represent to the Court that the Defendants do not have any objection to Sen. Dial and Rep. McClendon intervening or participating in this action.

## CONCLUSION

23. Based on the foregoing, pursuant to Rule 24, *Fed.R.Civ.P.*, Sen. Dial and Rep. McClendon request that Court grant this motion and permit them to intervene as defendants in this action or participate as *amicus curiae*.

Respectfully submitted this the 13th day of March, 2013.

*/s/Dorman Walker*
One of counsel for Jim McClendon and Gerald Dial

**OF COUNSEL:**

Dorman Walker (WAL086)
dwalker@balch.com
Louis M. Calligas (CAL060)
lcalligas@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 13th day of March, 2013:

James U. Blacksher
PO Box 636
Birmingham, AL 35201-0636

U. W. Clemon
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203

W. Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South, Ste 541
Birmingham, AL 35205

Misty S. Fairbanks Messick
James W. Davis
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152

John J. Park, Jr.
Strickland Brockington Lewis LLP
1170 Peachtree Street NE
Suite 2200
Atlanta, GA 30309

James H. Anderson
William F. Patty
Jesse K. Anderson
Jackson, Anderson & Patty, P.C.
P.O. Box 1988
Montgomery, AL 36102

Walter S. Turner
P.O. Box 6142
Montgomery, AL 36106

John K. Tanner
3743 Military Road NW
Washington, DC 20015

Joe M. Reed
Joe M. Reed & Associates, LLC
524 South Union Street
Montgomery, AL 36104

                                                                                      /s/Dorman Walker
                                                                                      OF COUNSEL