IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA LEGISLATIVE ) <br> BLACK CAUCUS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) CASE NO. 2:12-CV-691 <br> v. ) (Three-Judge Court) <br> ) <br> THE STATE OF ALABAMA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ALABAMA DEMOCRATIC ) <br> CONFERENCE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) CASE NO. 2:12-CV-1081 <br> v. ) (Three-Judge Court) <br> ) <br> THE STATE OF ALABAMA, *et al.*, ) <br> ) <br> Defendants. ) | |

## POST-REMAND SCHEDULING ORDER

After receipt from the Supreme Court of certified copies of the judgments in *Alabama Legislative Black Caucus v. Alabama*, No. 13-895, and *Alabama Democratic Conference v. Alabama*, No. 13-1138, 575 U.S. __ (2015), this court entered an Order setting a status conference on May 18, 2015, and required the parties to confer for purposes of developing a joint plan for how to proceed. (Doc. # 225.) As set out in the court-ordered Joint Report of the Parties (Doc. # 229),

Plaintiffs challenge separately as a racial gerrymander each majority-black district in the Senate and House of Representatives of the State of Alabama. These are House Districts 19, 32, 52, 53, 54, 55, 56, 57, 58, 59, 60, 67, 68, 69, 70, 71, 72, 76, 77, 78, 82, 83, 84, 85, 97, 98, 99, and 103, and Senate Districts 18, 19, 20, 23, 24, 26, 28, and 33. No party deems new evidence (other than the items referenced in (1) and (2) below) or an evidentiary hearing necessary or beneficial for resolution of liability.

Accordingly, pursuant to the Joint Report of the Parties, as well as the discussions held during the May 18 status conference, the following deadlines and requirements shall govern the submission of the post-remand record on the liability phase of the racial-gerrymander claims:

(1)   **ADC's List of Members.**  The Alabama Democratic Conference ("ADC") shall "file its list of members," Slip Op. at 15, to establish standing on or before **May 22, 2015**, and Defendants are permitted, but not required, to file a response to that list on or before **May 29, 2015**.

(2)   **Judicial-Notice Documents – Filing and Courtesy Copies.**  The parties have stipulated that the court may take judicial notice of specified information. On or before **June 5, 2015**, each party is DIRECTED to file with the clerk's office a disk – in searchable PDF format – containing all of the documents

of which that party requests the court take judicial notice.[1]  The documents should be labeled as Supplemental Exhibits with identifying exhibit numbers.

      Each party also shall submit to each judge on the three-judge court a copy of the disk containing the Supplemental Exhibits and a paper courtesy copy of the Supplemental Exhibits.  Exhibits in color shall be copied in color for the courtesy copies.  The courtesy copies of the Supplemental Exhibits shall be printed single-sided and tabbed in a three-ring binder.  There is no requirement that the copy of the disk and the paper courtesy copies be delivered to each judge's chambers by the June 5 due date; the copy of the disk and courtesy copies may be mailed or shipped to each chambers on the day they are due.

      (3)   **Disks of Trial Exhibits**.  On or before **June 5, 2015**, each party is directed to file with the clerk a disk – in searchable PDF format – that contains all admitted exhibits the party offered at trial.  Each party also shall submit to each judge on the three-judge court a copy of the disk, which may be mailed or shipped to each chambers on the due date.

      (4)   **Post-Remand Briefing Deadlines.**  Plaintiffs shall file initial briefs on liability on or before **June 12, 2015**; Defendants' response briefs shall be due no later than six weeks after the date the last initial brief is filed; and Plaintiffs' reply briefs are due no later than two weeks after the last response brief is filed.

---

[1] The parties are directed not to e-file these documents.

Discussion of evidence in a brief must include the specific reference, by name or document number and by page and line, where the evidence can be found in the record. Furthermore, in the post-remand briefing, to the extent that the parties rely upon the exhibits admitted during the trial, the parties should refer to the exhibit by its designation and number in the trial record and should not assign the exhibit a new number or designation.[2]

(5)   **Paper Courtesy Copies of Post-Remand Briefing.** The filing party shall deliver to the chambers of each judge on the three-judge court a paper courtesy copy of the post-remand briefing and any accompanying charts, maps, or exhibits that do not duplicate exhibits already in the trial record. Exhibits in color shall be copied in color for the courtesy copies. The courtesy copies of the post-remand briefing shall be printed double-sided; however, the accompanying charts, maps, or exhibits that do not duplicate exhibits already in the trial record shall be printed single-sided. The courtesy copies shall be bound and tabbed in a three-ring binder. There is no requirement that these courtesy copies be delivered to each judge's chambers by the due date; courtesy copies may be mailed or shipped to each chambers on the day they are due.

(6)   **Disk of Post-Remand Briefing.** The parties also shall submit a disk – in searchable PDF format – to each judge on the three-judge court of the post-

---

[2] To illustrate, if any party relies upon Common Exhibit 1 ("CE-1") from the trial record, counsel should cite CE-1 in the briefing.

remand briefing and any accompanying charts, maps, or exhibits that do not duplicate exhibits already in the trial record (*see, e.g.*, Doc. # 229 ¶ 3). Each disk, which is not to be filed, may be mailed or shipped to chambers on the date the respective post-remand brief, response, or reply is due.

(7) **Oral Argument.** The three-judge court will determine after briefing whether oral argument is necessary or helpful.

(8) **Election Deadlines.** Defendants are directed to submit a Revised Notice Regarding Election Deadlines (*see* Doc. # 232) within seven days of any legislative change in the March 8, 2016 primary-election deadline.

(9) **Objections.** If any party has an objection to these deadlines or requirements, the party should inform the court in writing within seven days from the date of this Order; otherwise, the court will assume that the deadlines and requirements are agreeable to all parties.

DONE this 20th day of May, 2015.

    /s/ William H. Pryor Jr.
UNITED STATES CIRCUIT JUDGE
PRESIDING

    /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE