IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA LEGISLATIVE BLACK CAUCUS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 2:12-CV-691 (Three-Judge Court) |
| THE STATE OF ALABAMA, et al., | ) ) ) | |
| Defendants. | ) ) | |
| ALABAMA DEMOCRATIC CONFERENCE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 2:12-CV-1081 (Three-Judge Court) |
| THE STATE OF ALABAMA, et al., | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

The Alabama Legislative Black Caucus moves that we reconsider our decision to readopt our earlier orders on issues that were not addressed by the Supreme Court (Doc. 242), in the light of the recent decision of the Supreme Court in *Arizona State Legislature v. Arizona Independent Redistricting Comm'n*, 135 S. Ct. 2652 (2015). In that decision, the Supreme Court held that the Elections Clause, U.S. Const. Art. I § 4, permits the voters of Arizona to use a state constitutional referendum to provide for

redistricting by an independent commission instead of the state legislature. *Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. at 2677. Because that decision has no bearing on the Caucus's claims, we deny the motion. The Caucus makes two arguments, and we explain each in turn.

First, the Caucus argues that we should reconsider our decision to dismiss count one of the amended complaint (Doc. 53: 5–10). In count one, the Caucus alleged Alabama violated the one-person, one-vote principle of the Fourteenth Amendment by "restricting allowable population deviations more than is practicable to comply with the whole-county provisions in the Alabama Constitution and by failing to comply with those whole-county provisions to the extent practicable." (Id. at 5). We dismissed that count because "[t]he odd complaint of the Black Caucus that the new districts are too equal in population fails to address a concern of the Fourteenth Amendment." (Id. at 6). The Caucus now argues that, in *Arizona Independent Redistricting Commission*, the Supreme Court ruled that state legislatures cannot "alter or amend" electoral requirements of the state constitution, (Doc. 261 at 3 (quoting *Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. at 2677)) and that "[n]othing in [the Elections] Clause instructs, nor has this Court ever held, that a state legislature may prescribe regulations on the time, place, and manner of holding federal elections in defiance of provisions of the State's constitution." (Id. at 2–3 (first alteration in original) (quoting *Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. at 2673)). According to the Caucus, *Arizona Independent Redistricting Commission* "holds that a state drawing

2

legislative districts to comply with the federal one-person, one-vote rule may not ignore [c]ore aspects of the electoral process regulated by [its] state constitution[]." (Id. at 4 (alterations in original) (internal quotation marks and citation omitted)).

The Caucus's argument fails. The Supreme Court did not hold that the Fourteenth Amendment requires state legislatures to obey their own constitutions, nor did it decide that we have subject matter jurisdiction to consider whether Alabama complied with its own state constitution in creating the redistricting plans. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S. Ct. 900, 917 (1984) ("[A] federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has in impact directly on the State itself."). The Supreme Court instead held that the Elections Clause of the federal Constitution does not permit a state legislature to violate its state constitution when it formulates electoral rules. *Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. at 2677. The Caucus would take that holding to imply that the Fourteenth Amendment *requires* a state to follow its own constitution, but no such inference is permissible. Whether one clause of the federal Constitution fails to empower a state legislature has no bearing on whether a separate Amendment restrains a state legislature. Accordingly, we still lack subject matter jurisdiction to decide this issue.

Second, the Caucus argues that we should reconsider our grant of summary judgment in favor of the defendants and against the Caucus on its claim of partisan gerrymandering. (Doc. 174 at 16–19). We rejected the Caucus's claim of partisan

3

gerrymandering because it failed to provide a "judicial standard by which we [could] adjudicate the claim." (Id. at 16 (internal quotation marks omitted)). *See Vieth v. Jubelirer*, 541 U.S. 267, 313, 124 S. Ct. 1769, 1796 (2004) (Kennedy, J., concurring in the judgment) (explaining that where "we have no standard by which to measure the burden [plaintiffs] claim has been imposed on their representational rights, [plaintiffs] cannot establish that the alleged political classifications burden those same rights"). The Caucus now argues that it has found such a standard, based on *Arizona Independent Redistricting Commission*. According to the Caucus, the Supreme Court held that "an initiative authorized by a state constitution was an exercise by the people of Arizona 'to curb the practice of gerrymandering' so as 'to restore "the core principle of republican government," namely, "that the voters should choose their representatives, not the other way around."'" (Doc. 261 at 6–7 (quoting *Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. at 2677)). Though the Caucus admits that *Arizona Independent Redistricting Commission* involved the Elections Clause, it argues that "the necessary implication of that decision is that districts drawn for partisan purposes that disregard anti-gerrymandering provisos placed by the people in their state constitution violate the First and Fourteenth Amendments of the Constitution of the United States." (Id. at 7).

Again, the Caucus's argument fails. As an initial matter, the Supreme Court did not "hold" that "an initiative authorized by a state constitution was an exercise by the people of Arizona to curb the practice of gerrymandering." (Id. at 6 (internal

4

quotation marks and citation omitted)). The statement of the Court that "[t]he people of Arizona turned to the initiative to curb the practice of gerrymandering," *Ariz. Independ. Redistricting Comm'n*, 135 S. Ct. at 2677, was explanatory dicta. The Court then explained that "[t]he Elections Clause does not hinder that endeavor." *Id.* The Caucus again makes an unsupportable logical leap from a decision about the Elections Clause to its own preferred understanding of the Fourteenth Amendment. That the Elections Clause does not interfere with a state's own efforts to combat partisan gerrymandering says nothing about what the Fourteenth Amendment requires. Moreover, to adopt a standard that the Fourteenth Amendment requires a state to follow its own constitutional requirements would run an end-around the Eleventh Amendment. *See Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005) ("The Eleventh Amendment acts as a jurisdictional bar for any such suit against the state . . . ."). The Caucus's claim of partisan gerrymandering fails.

Accordingly, it is ORDERED that the Caucus's Amended Motion for Reconsideration of Order Readopting Rulings Not Addressed by the Supreme Court (Doc. 261) is DENIED.

DONE this 27th day of July, 2015.

    /s/ William H. Pryor Jr.
UNITED STATES CIRCUIT JUDGE
PRESIDING

    /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT
JUDGE

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE